UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

***

| | |
|---|---|
| NANCY CLAUSSEN, | CIV 18-4087 |
| Plaintiff, | |
| vs. | ORDER |
| AMERICAN FAMILY LIFE ASSURANCE COMPANY, | |
| Defendant. | |

***

Pending before the Court is Defendant American Family Life Assurance Company's (AFLAC's) Motion to Compel Arbitration and Dismiss or Stay the Proceedings, Doc. 12, filed August 20, 2018. Plaintiff has not responded.

Plaintiff Nancy Claussen is a former independent contractor, referred to as an "associate," with AFLAC, who entered into an Associate's Agreement with AFLAC (Agreement) in January 2003 to work as an AFLAC sales associate. On July 25, 2018, Plaintiff filed the instant complaint alleging one count of breach of contract and one count of "bad faith," with the latter including allegations of tortious interference, breach of the duty of good faith and fair dealing, and fraud and deceit. Plaintiff asserts that Plaintiff had an ongoing disagreement with her Supervisor which ultimately resulted in Plaintiff terminating her work with AFLAC. Plaintiff states that, contrary to their agreement and to company custom, Defendant ended her renewal premiums. Plaintiff also claims that her former Supervisor is interfering with her ability to work for AFLAC in a different territory. Defendant moves to compel arbitration and dismiss or stay the proceedings, arguing that this dispute falls within the scope of the Agreement's arbitration provision.

## STANDARD OF REVIEW

The Federal Arbitration Act does not identify what evidentiary standard a party seeking to

avoid arbitration must meet. *Neb. Mach. Co. v. Cargotec Solutions, LLC*, 762 F.3d 737, 741–42 (8th Cir. 2014); *see also Henry Techs. Holdings, LLC v. Giordano*, 2014 WL 3845870, at *3 (W.D. Wis. Aug. 5, 2014) ("The FAA does not define a standard for a district court's determination of a motion to compel arbitration[.]"). Courts that have addressed the issue have used a summary judgment standard. *Id.*; *see also Schwalm v. TCF Nat'l Bank*, 226 F. Supp.3d 937, 940 (D.S.D. 2016); *Technetronics, Inc. v. Leybold-Graeus GmbH*, 1993 WL 197028, at *2 (E.D. Pa. June 9, 1993) ("[I]n a motion to stay proceedings and/or compel arbitration, the appropriate standard of review for the district court is the same standard used in resolving summary judgment motions pursuant to [Federal Rule of Civil Procedure] 56(c)."). Therefore, the court may consider all evidence in the record, viewing that evidence in the light most favorable to the non-moving party. *Id.*; *see also Lee v. Credit Acceptance Corp.*, 2015 WL 717637, at *1 (W.D. Wis. Nov. 12, 2015).

## ANALYSIS
### COMPELLING ARBITRATION

Both state and federal governments have strong policies favoring arbitration. *See Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 89–90 (2000); *Rossi Fine Jewelers, Inc. v. Gunderson*, 648 N.W.2d 812, 814 (S.D. 2002) ("We have consistently favored the resolution of disputes by arbitration.") Questions of arbitration are governed by the Federal Arbitration Act (or "FAA"), 9 U.S.C. § 1 *et seq.* The FAA was enacted to "reverse the longstanding judicial hostility to arbitration agreements" and treat arbitration agreements like any other contract. *Green Tree*, 531 U.S. at 89. South Dakota has adopted the Uniform Arbitration Act. *See* S.D.C.L. 21-25A-1, which provides:

> A written agreement to submit any existing controversy to arbitration or a provision in a written contract to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable and irrevocable, save upon such grounds as exist at law or in equity for the revocation of any contract. This chapter also applies to arbitration agreements between employers and employees or between their respective representatives.

S.D.C.L. § 21-25A-1.

In general, the FAA "provides that written agreements to arbitrate controversies arising out

2

of an existing contract 'shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'" *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (quoting 9 U.S.C. § 2). The FAA "mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Id.* (citing 9 U.S.C. §§ 3, 4). The "court's role under the FAA is therefore limited to determining (1) whether a valid agreement to arbitration exists and, if it does (2) whether the agreement encompasses the dispute. *Pro Tech Indus., Inc. v. URS Corp.*, 377 F.3d 868, 871 (8th Cir. 2004).

Whether there is a binding arbitration agreement is "an issue for judicial determination unless the parties clearly and unmistakably provide otherwise." *Howsam v. Dean Witter Reynolds, Inc.*, 537 U.S. 79, 83 (2002) (quoting *AT&T Tech., Inc. v. Commc'ns Workers*, 475 U.S. 643, 649 (1986)). In examining whether the parties agreed to arbitrate, courts must ordinarily apply "state-law principles that govern the formation of contracts." *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). In applying state law, however, "due regard must be given to the federal policy favoring arbitration, and ambiguities as to the scope of the arbitration clause itself must be resolved in favor of arbitration." *Volt Info. Sciences, Inc. v. Board of Trustees of Leland Stanford Jr. Univ.*, 489 U.S. 468, 475–76 (1989).

In the present case, the question whether the parties formed a valid agreement to arbitrate is governed by the contract law of South Dakota.[1] South Dakota courts apply ordinary contract principles to arbitration agreements. *Masteller v. Champion Home Builders, Co.*, 723 N.W.2d 561, 564 (S.D. 2006). The required elements to form a valid contract in South Dakota are (1) parties capable of contracting; (2) their consent; (3) a lawful purpose; and (4) sufficient consideration. *Setliff v. Akins*, 616 N.W.2d 878 (S.D. 2000) (citing S.D.C.L. § 53-1-2).

---

[1] Defendant's argument about the enforceability of the contract is based on South Dakota law, though Defendant does not state exactly how and why South Dakota state law governs. Because there is no clause in the contract stating governing law, and because Plaintiff's residence is in the state of South Dakota, the Court assumes that South Dakota is the state in which the contract was entered into.

In determining whether claims come within the scope of an arbitration provision,

> the district court does not reach the potential merits of any claim but construes the clause liberally, resolving any doubts in favor of arbitration and granting the motion unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.

*3M Co. v. Amtex Sec., Inc.*, 542 F.3d 1193, 1199 (8th Cir. 2008) (internal citations omitted). The employment agreement contains a broad arbitration clause that applies to "any dispute arising under or related in any way to this Agreement ("Dispute"), to the maximum extent allowed under the Federal Arbitration Act ("FAA")." *See* Agreement at ¶ 10.1. "Disputes" are defined by the Agreement to include "any dispute arising under or relating in any way to this Agreement." *Id.* Specifically, the provision includes "any Dispute arising under federal, state or local laws, statutes or ordinances (for example, statutes prohibiting anti-competitive conduct, unfair business practices and discrimination or harassment . . .) or arising under federal or state common law (for example, claims of breach of contract, fraud, negligence, emotion distress or breach of fiduciary duty). *Id.*

In her response, Plaintiff would have to argue that either the agreement to enter into arbitration was invalid or that her claims do not arise from her employment. It would be very hard for Plaintiff to meet her burden, especially in light of federal and state policy favoring arbitration.

## STAY OR DISMISSAL

The FAA generally requires that a district court stay the judicial case after compelling arbitration until the arbitration proceedings have concluded. Specifically, 9 U.S.C. § 4 states that district courts "shall . . . stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." Here, AFLAC asks the Court to exercise its discretion to dismiss Plaintiff's case, rather than staying it. The Eighth Circuit recognizes "a judicially-created exception to the general rule which indicates district courts may, in their discretion, dismiss an action rather than stay it where it is clear the entire controversy between the parties will be resolved by arbitration." *Green v. SuperShuttle Intern., Inc.*, 653 F.3d 766, 769–70 (8th Cir. 2011) (citing *Jann v. Interplastic Corp.*, 631 F. Supp. 2d 1161, 1167 (D. Minn. 2009) (collecting cases)). This discretionary authority should be used sparingly. Where all contested issues are not resolved by

arbitration, Plaintiff could be prejudiced by the dismissal of the district court action because the statute of limitations may run, barring Plaintiff from refiling complaints in state or federal court. *See id.* at 770. Accordingly,

IT IS ORDERED:

1. That this case is stayed pending the completion of arbitration;

2. That the case is referred to arbitration.

3. That Defendant is not awarded its fees and costs for bringing this Motion.

Dated this 16th day of October, 2018.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
MATTHEW W. THELEN, CLERK

BY: _____
　　　　　Deputy